UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| AIU INSURANCE COMPANY,<br><br>                         Plaintiff,<br><br>                  - against -<br><br>BOTHNIA INTERNATIONAL INSURANCE COMPANY LIMITED and LANSFORSAKRINGBOLAGENS AB,<br><br>                        Defendants. |

**ORDER**

21 Misc. 459

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff AIU Insurance Company ("AIU") moves pursuant to Federal Rule of Civil Procedure 5.2(d)-(e) for an order (1) permitting Plaintiff to redact certain allegedly confidential information from its motion to confirm a final arbitration award (the "Motion to Confirm"), and (2) sealing the final arbitration award, which is annexed to the Motion to Confirm as Exhibit B. (See Motion (Dkt. No. 1))

        In support of its application, Plaintiff states that, pursuant to a confidentiality provision in an agreement between the parties, the Motion to Confirm and Exhibit B must be submitted under seal. (Cunningham Decl. (Dkt. No. 1-1) ¶¶ 5-7; see also Pltf. Br. (Dkt. No. 1-5) at 2) In relevant part, the terms of the agreement require that "subject to court approval . . . all submissions of Arbitration Information to a court shall be sealed," including "motions to confirm, modify, vacate or enforce an award issued in this arbitration." (Cunningham Decl. (Dkt. No. 1-1) ¶ 5 (citing Agreement (Dkt. No. 1-3) ¶ 3)) The agreement defines "Arbitration Information" broadly to include "all briefs, depositions and hearing transcripts generated in the course of this arbitration, documents created for the arbitration or produced in the proceedings by

the opposing party or third-parties, the result and all other terms of the final award and any interim decisions, correspondence, oral discussions and information exchanged in connection with the proceedings . . . ." (Agreement (Dkt. No. 1-3) ¶ 2)

A presumption of public access applies to "judicial documents," which are documents "'relevant to the performance of the judicial function and useful in the judicial process.'" Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006) (quoting United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995)). "Petitions to confirm arbitration awards, and their attendant memoranda of law and supporting documents, are 'judicial documents that directly affect[] the Court's adjudication' of the confirmation petition . . . ." Alexandria Real Estate Equities, Inc. v. Fair, No. 11 CIV. 3694 LTS, 2011 WL 6015646, at *2 (S.D.N.Y. Nov. 30, 2011) (quoting Church Ins. Co. v. Ace Prop. & Cas. Ins. Co., No. 10 Civ. 698(RJS), 2010 WL 3958791, at *1 (S.D.N.Y. Sept. 23, 2010)).

"[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to preserve that interest. Broad and general findings by the trial court, however, are not sufficient to justify closure." Lugosch, 435 F.3d at 120 (internal citation and quotation marks omitted).

Here, Plaintiff contends that sealing is appropriate because the parties agreed to file under seal any papers associated with an arbitration proceeding. Confidentiality agreements alone are not an adequate basis for sealing, however. See, e.g., Bernsten v. O'Reilly, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) ("Courts in this district have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents.") (collecting cases); First State Ins. Co. v. Nat'l Cas. Co., No. 13 Civ. 704(AJN), 2013 WL 8675930, at *1 (S.D.N.Y. Feb. 19, 2013) (denying motion to seal documents submitted in connection with a

petition to confirm an arbitration award, because "[t]he assertion that disclosure violates a separate confidentiality order is insufficient"); Aioi Nissay Dowa Ins. Co. Ltd. v. ProSight Specialty Mmgt. Co., Inc., No. 12 Civ. 3274(JPO), 2012 WL 3583176, at *6 (S.D.N.Y. Aug. 21, 2012) ("Respondents do not point to any specific information contained in the Final Award the disclosure of which would be harmful to any party. They simply argue that disclosure of the Final Award – which constitutes 'Arbitration Information' under the parties' confidentiality agreement – is inconsistent with the parties' agreement. However, while enforcement of contracts is undeniably an important role for a court, it does not constitute a 'higher value' that would outweigh the presumption of public access to judicial documents. Courts in this District have held that 'the mere existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access,' Alexandria Real Estate, 2011 WL 6015646, at *3, and have consistently refused to seal the record of a petition to confirm an arbitration award, notwithstanding the existence of such an agreement.").

Here, Plaintiff seeks to redact certain portions of its Motion to Confirm, see Dkt. No. 1-4, but does not explain why redaction is appropriate under Lugosch. Nor does Plaintiff explain why sealing the entire arbitration award – as opposed to certain portions of the award – is appropriate under Lugosch. Accordingly, Plaintiff's motion to seal is not "narrowly tailored," as Lugosch requires. See Lugosch, 435 F.3d at 120; Cunningham v. Cornell Univ., No. 16-cv-6525 (PKC), 2019 WL 10892081, at *1 (S.D.N.Y. Sept. 27, 2019)).

Absent a showing that sealing is "essential to preserve higher values" and that such sealing is "narrowly tailored to preserve that interest," Lugosch, 435 F.2d at 120, a motion to seal cannot be granted.

3

Accordingly, Plaintiff's motion to seal Exhibit B and to file redacted versions of its Motion to Confirm is denied. The Clerk of Court is directed to terminate the motion (Dkt. No. 1).

Dated: New York, New York
       May 28, 2021

SO ORDERED.

*Paul G. Gardephe* (signature)

Paul G. Gardephe
United States District Judge, Part I